## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL CREDIT UNION,<br>ADMINISTRATION BOARD,<br>as Liquidating Agent of<br>St. Paul Croatian Federal Credit Union, | ) ) ) ) | CASE NO.  1:13CV1148 |
| | ) | |
| Plaintiff, | ) ) | MAGISTRATE JUDGE GREG WHITE |
| v. | ) ) | |
| | ) ) | **ORDER AND FORECLOSURE<br>DECREE** |
| VLADO ZOVKIC, *et al.*, | ) ) | PPN: 631-08-015, 631-08-016, and |
| Defendants. | ) | 631-08-017 |

This matter is before the Court on Plaintiff National Credit Union Administration Board,

acting in its capacity as Liquidating Agent for St. Paul Croatian Federal Credit Union's

("Liquidating Agent") First Amended Complaint (Doc. No. 43) Counts 13 and 14, only; the

Agreed Order granting Plaintiff's Motion for Prejudgment Attachment of Personal Property

(Doc. No. 59); Defendant Colony at Bratenahl Association's ("Colony") Answer and

Cross-Claim (Doc. No. 62); Defendant Mark Parks (formerly named as Wade Steen), Cuyahoga

County Chief Fiscal Officer's ("Cuyahoga") Answer (Doc. No. 68); Defendant The Huntington

National Bank's ("Huntington") Answer, Counterclaim and Cross-Claim (Doc. No. 82);

Liquidating Agent's Answer to Counterclaim (Doc. No. 90); Colony's Answer to Cross-Claim

(Doc. No. 93); Cuyahoga's Answer to Cross-Claim (Doc. No. 94); Defendant Vlado Zovkic's

("Zovkic")  Answer to Amended Complaint Counts 5-14 (Doc. No. 95); Zovkic's Answer to

Cross-Claim (of Colony) (Doc. No. 96); Zovkic's Answer to Cross-Claim (of Huntington) (Doc.

No. 97); Huntington's Motion for Summary Judgment (Doc. No. 117); Liquidating Agent's

Motion for Summary Judgment as to Counts 13 and 14 of its First Amended Complaint (Doc.

No. 118); Colony's Motion for Summary Judgment (Doc. No. 119); Liquidating Agent's

Supplement to Motion for Summary Judgment as to Counts 13 and 14 of its First Amended

Complaint (Doc. No. 121); Liquidating Agent's Brief in Opposition to Colony's Motion for

Summary Judgment (Doc. No. 124); Colony's Reply to Response to Motion for Summary

Judgment (Doc. No. 126); Notice of Filing Affidavit of State Of Ohio (Doc. No. 138);

Liquidating Agent's Motion for Default Judgment (Doc. No. 143); Liquidating Agent's Brief

regarding IRS Lien and Lis Pendens (Doc. No. 144); Liquidating Agent's Supplemental

Affidavits (Doc. Nos. 146, 148); and, the related evidence and record.

 All remaining claims in the Liquidating Agent's First Amended Complaint (Doc. No. 43),

namely, Counts 1-12 remain pending (the "Remaining Claims").  Further, Defendants Motion to

Dismiss (Doc. No. 97) as to Counts 1-4 of Liquidating Agent's First Amended Complaint and

Liquidating Agent's Brief in Opposition to Defendants' Motion to Dismiss (Doc. No. 86) remain

pending.

 Upon consideration of the arguments of counsel, pleadings of record, and supporting

documentation, the Court finds as follows:

1. That all necessary parties have been served and the Court has jurisdiction over each party

and the subject matter of this action.

2. That capitalized terms not otherwise defined herein shall have the meanings ascribed to

them in the First Amended Complaint.

3.      That on April 30, 2010, Plaintiff National Credit Union Administration Board, placed the St. Paul Croatian Federal Credit Union ("St. Paul") into involuntary liquidation and appointed itself Liquidating Agent of St. Paul. 12 U.S.C. § 1787(a)(1)(A).  By operation of law, the Liquidating Agent succeeded to all rights, title and interest of St. Paul.

4.      That Huntington's Motion for Summary Judgment is well-taken, and Huntington's Motion for Summary Judgment is granted as set forth in a Memorandum Opinion & Order issued this date.  Reasonable minds can come to but one conclusion, that there exists no genuine issue of material fact and that Huntington is entitled to a judgment in its favor as a matter of law.

5.      That Huntington, as successor by merger to Sky Bank, who was successor by merger to Metropolitan Bank and Trust Company, is the owner and holder of the Note referenced in (Doc. No. 82) that Zovkic executed and delivered in Huntington's favor ("Huntington Note").

6.      That Zovkic has failed to pay the Huntington Note pursuant to the terms thereof, therefore, the Huntington Note is in default.

7.      That there is due and owing to Huntington on the Huntington Note, the principal sum of $471,816.75, plus interest on the principal amount at the rate of 3.625% (variable) per annum from January 1, 2013.  The Court further finds that there is due on the Note all late charges imposed under the Huntington Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, if any, and all costs and expenses incurred for the enforcement of the Huntington Note and Mortgage, except to the extent the payment of one or more specific items is prohibited by Ohio law.  The Court reserves for further order a determination of the exact amount, if any, due Huntington for the aforesaid amounts. Huntington may be due additional amounts advanced subsequent to this Order, which amounts

shall be determined by further order and upon such proof as the Court deems necessary.

8.     That to secure the Huntington Note, Zovkic duly executed and delivered to Huntington a Mortgage granting to Huntington a lien on the Property ("Huntington Mortgage"), more specifically described as follows:

**SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A**.

352 Bingham Court, Bratenahl, Ohio 44108

Permanent Parcel Numbers 631-08-015, 631-08-016, and 631-08-017.

9.     That the Huntington Mortgage was recorded on March 21, 1997, Volume 97-02424, Page 8 in the Cuyahoga County Recorder Records, referenced in (Doc. No. 82), and thereby became and is a good, valid, and existing first lien on the Property as security for the indebtedness evidenced by the Huntington Note, subject only to the lien of the Cuyahoga County Treasurer for taxes, interest, penalties, and assessments accrued thereon.

10.    That by reason of the default under the terms and conditions of the Huntington Note, the conditions of the Huntington Mortgage have been broken.  The Huntington Mortgage has become absolute and Huntington is entitled to foreclose the Huntington Mortgage and to have the equity of redemption and the Property foreclosed.

11.    That Liquidating Agent's Motion for Summary Judgment and its Supplement to Motion for Summary Judgment are well-taken, and the Liquidating Agent's Motion for Summary Judgment and Supplement to Motion for Summary Judgment are granted as set forth in a Memorandum Opinion & Order issued this date.  Reasonable minds can come to but one conclusion, that there exists no genuine issue of material fact and that the Liquidating Agent is entitled to a judgment in its favor as a matter of law.

12.    That the Liquidating Agent is the owner and holder of the Note referenced in (Doc. No.

43, Count 13) that Zovkic executed and delivered to St. Paul ("St. Paul Note") pursuant to 12 U.S.C. § 1787(b)(2)(A) on accounts of its appointment, in accordance with 12 U.S.C § 1787(a)(1)(A), as Liquidating Agent for St. Paul.

13.     That Zovkic has failed to pay the St. Paul Note pursuant to the terms thereof and, therefore, the St. Paul Note is in default.

14.     That there is due and owing to the Liquidating Agent on the St. Paul Note, the principal sum of principal in the amount of $161,323.28, plus interest in the amount of $68,562.39, plus costs, expenses, and advances of $191,439.01, for a total sum due of $421,324.68, plus interest accruing on the unpaid principal balance of the Note from January 1, 2015 until said obligation is paid in full at a fixed rate of interest equal to 10.00% per annum.

15.     That in addition to the sums due on the Note above, there is due and owing to the Liquidating Agent, pursuant to the terms of the Note and Mortgage, the amount of the sums advanced by the Liquidating Agent to protect its interest in the Property or enforce its rights, including without limitation sums advanced for payment of real estate taxes, insurance, maintenance, and protection of the Property, and any other amounts due under the terms of the Note and Mortgage that are allowable under law, the total amount of which is undetermined at the present time, but which amount will be ascertainable at the time of the Foreclosure Sale, which amount may be added to the lien of the Liquidating Agent.

16.     The Court reserves for further order a determination of the exact amount, if any, due the Liquidating Agent for the aforesaid amounts.  The Liquidating Agent may be due additional amounts advanced subsequent to this Order, which amounts shall be determined by further order and upon such proof as the Court deems necessary.

17.     That to secure the St. Paul Note, Zovkic duly executed and delivered to St. Paul a

Mortgage granting to St. Paul a lien on the Property ("St. Paul Mortgage"). The Property is more specifically described in Exhibit A attached hereto.

18.     That the St. Paul Mortgage was recorded on April 17, 1997, instrument number 00469334 in the Cuyahoga County Recorder Recorders, and thereby became and is a good, valid, and existing lien on the Property as security for the indebtedness evidenced by the St. Paul Note.

19.     That the Liquidating Agent is the owner and holder of the St. Paul Mortgage, pursuant to 12 U.S.C. § 1787(b)(2)(A) on accounts of its appointment, in accordance with 12 U.S.C § 1787(a)(1)(A), as Liquidating Agent for St. Paul Croatian Federal Credit Union; and the St Paul Mortgage secures the amounts due under the St. Paul Note.

20.     That by reason of the default under the terms and conditions of the St. Paul Note, the conditions of the St. Paul Mortgage have been broken.  The St. Paul Mortgage has become absolute and the Liquidating Agent is entitled to foreclose the St. Paul Mortgage and to have the equity of redemption and the Property foreclosed.

21.     That there are outstanding certain Ohio personal income taxes due and owed in the amount of $8,291.44, plus interest thereon at 10.00% per annum filed and recorded on February 21, 2007.

22.     That the stated debt due the State of Ohio is demonstrated in the Certificate of Judgment that was filed for record on February 21, 2007, Cuyahoga County Judgment Docket No. JL-07-285513, Account No. 4884, and serial No. 02200616731315.  The Court further finds that the State of Ohio holds said lien.

23.     That the Certificate of Judgment was recorded with the Cuyahoga County Recorder and is a valid and subsisting lien on the Property.

24.     That there are outstanding certain Ohio personal income taxes due and owed in the amount of $4,750.04, plus interest thereon at 5.00% per annum filed and recorded on April 7, 2010.

25.     That the stated debt is demonstrated in the Certificate of Judgment that was filed for record on April 7, 2010, Cuyahoga County Judgment Docket No. JL-10-410201, Account No. 4884, and serial No. 02200907886552.  The Court further finds that the State of Ohio holds said lien.

26.     That the Certificates of Judgment were recorded with the Cuyahoga County Recorder and is a valid and subsisting lien on the Property.

27.     The Parties acknowledge that the State of Ohio is entitled to payments of its Certificates of Judgment in the priority they appear in the judicial reports filed with this Court and reasonable minds can come to but one conclusion, that there exists no genuine issue of material fact, and the State of Ohio is entitled to a judgment in its favor as a matter of law.

28.     That there are outstanding certain association and maintenance fees, costs and expenses along with attorney's fees due to Colony, in the amount of $49,589.62, plus interest thereon at the statutory rate from August 22, 2014, plus costs of collection, and attorney's fees, accruing until the stated debt is satisfied, which said additional amounts shall be determined by further order and upon such proof as the Court deems necessary.

29.     That the stated debt is demonstrated in the Certificate of Lien referenced in (Doc. No. 62 and 62-1) that was filed for record on August 20, 2013, instrument number 201308200692 in the Cuyahoga County Records.  The Court further finds that Colony holds said lien.

30.     That the Certificate of Lien was recorded with the County Recorder and is a valid and subsisting lien on the Property.

31.     That in accordance with its Order Granting Plaintiff's Renewed Motion for Prejudgment Attachment of Real Property (Doc. No. 36) the Property has been placed under the control of the Court and that Dean Barrett of Corporate Management Solutions was appointed as Trustee to hold such Property and was authorized and responsible for preventing the sale, transfer and other disposition of the Property, including any further encumbrances upon the Property.

32.     That the Court's prior Order (Doc. No. 36) shall be modified as herein provided to allow the sale of the Property to proceed.  The Court finds that following the sale of Property herein, and after any distributions of proceeds from the sale as set forth below, that the balance of the proceeds (the "Residual Proceeds") shall remain in trust at Chicago Title Insurance Company and  Chicago Title Insurance Company shall serve as Trustee to hold such Residual Proceeds, and be authorized and responsible for preventing the encumbrance, transfer, or other disposition of the Residual Proceeds until the Remaining Claims are resolved or until further order of this Court.

33.     The Court finds that Cuyahoga County has filed an Answer herein asserting an interest in the Property that is the subject of this action for any taxes, accrued taxes, assessments and penalties, including sewer and water charges.  The Court further finds that lien interests of Huntington, Liquidating Agent, the State of Ohio, and Colony are junior in priority under Ohio law to any lien held by Cuyahoga County to secure the payment of real estate taxes and assessments, if any.  All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders. Should said amounts exist they shall be determined by further order and upon such proof as the Court deems necessary.

34.     That there is no just reason for delay in entering judgment.

## ORDER

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**, that Huntington's Motion for Summary Judgment is hereby granted as set forth in a Memorandum Opinion & Order issued this date.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**, that The Liquidating Agent's Motion for Summary Judgment is hereby granted as set forth in a Memorandum Opinion & Order issued this date.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**, that the Colony's Motion for Summary Judgment is hereby granted as set forth in a Memorandum Opinion & Order issued this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that unless the sums hereinabove found due, together with interest and the taxes due on said real estate, and the costs of this case, including the cost of the Judicial Title Reports filed herein for which The Liquidating Agent is entitled to reimbursement, are fully paid within ten (10) days from the date that the Court adopts the Foreclosure Decree, the equity of redemption and dower of all Defendants or anyone claiming under or through them shall be foreclosed; that the Property shall be sold in accordance with the Court's Sixth Amended General Order No. 2006-16, subject only to the conditions, restrictions and easements, if any, of record; that an Order of Sale shall be issued, a Master Commissioner appointed by the Court, the Property appraised and advertised, and sold at public sale as upon execution and according to law, at a place and time designated by the Master Commissioner, free and clear of the interest of all parties to this action; and that said

Master Commissioner shall report his findings to the Court for further order.

In the event that an initial foreclosure sale results in no minimum bid, or in the event that a case is reinstated to the active docket following resolution of a bankruptcy matter, the Liquidating Agent shall determine whether a subsequent foreclosure sale should be scheduled.  If a subsequent foreclosure sale is to occur, the Liquidating Agent shall file a Motion for Alias Order of Sale.  The motion shall specify whether the Property is to be sold using the previous appraisal or whether the Property is to be reappraised.  If an additional appraisal is requested, the Liquidating Agent shall deposit with the Clerk a sum equal to the amount of the initial appraisal or, if unknown, $200.00.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Clerk of Courts, upon confirmation of sale, shall pay from the proceeds thereof the following:

1. To the Clerk of Courts, the costs of this action, including the sum of $6,748.00 payable to The Liquidating Agent for the judicial reports.

2. To the Cuyahoga County Treasurer, the unpaid taxes, assessments, interest and penalties, if any, due and payable on the Property.

3. To Huntington on its Note the sum of $471,816.75, plus interest on the principal amount at the rate of 3.625% (variable) per annum from January 1, 2013, all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, if any, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one of more specific such items is prohibited by Ohio law. In addition to the aforesaid amount, Huntington is entitled to recover subsequent advances for taxes, insurance, property protection and otherwise expended in accordance with the terms of the Note and Mortgage, which amounts shall be determined by further order and upon such proof as the Court deems necessary.

4. To The Liquidating Agent on its Note the sum principal in the amount of $161,323.28, plus interest in the amount of $68,562.39 plus costs, expenses, and advances of $191,439.01, for a total sum due of $421,324.68, plus interest accruing on the unpaid principal balance of the Note from January 1, 2015 until said obligation is paid in full at a fixed rate of interest equal to 10.00% per annum and additional costs and expenses incurred for the enforcement of the Liquidating Agent's Note and Mortgage up until the time of sale.  In addition to the aforesaid amount, the Liquidating Agent is entitled to recover subsequent advances for taxes, insurance, property protection and otherwise expended in accordance with the terms of the Note and Mortgage, which amounts shall be determined by further order and upon such proof as the Court deems necessary.

5.      To the State of Ohio, outstanding overdue personal income tax of $8,291.44 filed for record on February 21, 2007 in Cuyahoga County Judgment Docket No. JL-07-285513, Account No. 4884, and serial No. 02200616731315 plus interest prescribed therein.

6.      To the State of Ohio, outstanding overdue personal income tax of $4,750.04 filed for record on April 7, 2010 in Cuyahoga County Judgment Docket No. JL-10-410201, Account No. 4884, and serial No. 02200907886552 plus interest prescribed therein.

7.      To Colony, outstanding certain association and maintenance fees, costs and expenses along with attorney's fees due to Colony, in the amount of $49,589.62, plus additional assessment and maintenance fees that will continue to accrue from March 6, 2014, plus interest thereon at the statutory rate from June 1, 2012, plus costs of collection, and attorney's fees, accruing until the stated debt is satisfied, which said additional amounts shall be determined by further order and upon such proof as the Court deems necessary.

8.      That the Court's prior Order (Doc. No. 36) concerning the granting of the Liquidating Agent's prejudgment attachment shall be modified as herein provided to allow the sale of the Property to proceed.

9.      Following the sale of Property herein, and after any distributions of proceeds from the sale as set above, that the balance of the Residual Proceeds shall remain in trust pursuant to 12 U.S.C. 1787 et seq. at Chicago Title Insurance Company and Chicago Title Insurance Company shall serve as Trustee to hold such Residual Proceeds, and be authorized and responsible for preventing the encumbrance, transfer, or other disposition of the Residual Proceeds until the Remaining Claims are resolved or until further order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that after said sale has

been completed, the Master Commissioner shall convey to the purchaser the Property.

**RECORD IS HEREBY ORDERED**.  This is a final order and shall not be delayed.

IT IS SO ORDERED.

_____*Greg White*_____
MAGISTRATE JUDGE GREG WHITE

DATE: February 4, 2015